IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Andrew Rieb, # 289509, | ) |
| | ) |
| Petitioner, | ) Civil Action No.: 1:14-cv-2442-RMG |
| | ) |
| v. | ) |
| | ) ORDER |
| Robert M. Stevenson III, | ) |
| | ) |
| | ) |
| Respondent. | ) |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending that this Court dismiss Petitioner's Petition for Writ of Habeas Corpus without prejudice and without service of process upon the Respondent. (Dkt. No. 13). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge as the order of the Court.

## Background

Eric Andrew Rieb ("Petitioner"), a state prisoner at Broad River Correctional Institution, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). This case was referred to a Magistrate Judge for pre-trial hearing pursuant to 28 U.S.C. §§ 636(b)(1)(A),(B) and Local Civil Rule 73.02(B)(2)(c) DSC. The instant Petition is the second § 2254 habeas action filed by Petitioner in this Court challenging the same convictions.

Petitioner's first petition was filed on October 9, 2009, in *Rieb v. Stevenson*, C/A No. 1:09-2642-RMG. (Dkt. No. 13). In that action, this Court considered the petition on the merits and granted Robert M. Stevenson III's ("Respondent") motion for summary judgment. (*Id.*). Subsequently, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal. (*Id.*).

The Magistrate Judge issued the present Report and Recommendation on August 12, 2014, finding that Petitioner's § 2254 petition is successive and should be summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3). (Dkt. No. 13). Petitioner filed a timely objection to the Report and Recommendation. (Dkt. No. 15).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C).

## Law/Analysis

After reviewing the record, the applicable law, Petitioner's previous court filings, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts the Report and recommendation as the order of the Court.

Pursuant to 28 U.S.C. § 2244(b)(1), a district court may not entertain a successive petition that attempts to relitigate claims presented in a prior petition. If a petitioner brings new claims, as Rieb does here, raising the question of whether *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) changed the standard for judging ineffectiveness of PCR counsel, then "[b]efore a second or successive application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C § 2244(b)(3)(A); *Felker v.*

*Turpin*, 518 U.S. 651 (1996). Accordingly, the law is well-settled that prior to filing a second or successive petition under § 2254, Petitioner must have obtained a Certificate of Appealability from the Fourth Circuit Court of Appeals.

In the present case, Petitioner has failed to make a showing that he obtained authorization from the Fourth Circuit to file a successive habeas petition in the district court. It is uncontested that Petitioner's motion for authorization to file a successive habeas application was expressly denied by the Fourth Circuit on July 14, 2014. *See In re Eric Rieb*, No. 14-309 (4th. Cir. July 14, 2014). Therefore, this Court lacks jurisdiction to consider the Petition.

Petitioner's objections do not alter this conclusion. Petitioner admits in his objection that he has failed to obtain the necessary Certificate of Appealability from the Fourth Circuit. (Dkt. No. 15). However, he maintains that he retains the right to seek habeas relief as a permanent injunction and a declaratory judgment because he anticipates filing a cause of action pursuant to 42 U.S.C. § 1983. (Dkt. No 15 at 1). Such a suit would be an entirely separate action and does not affect the statutory bar against successive habeas petitions absent Circuit Court approval.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the Report and Recommendation of the Magistrate Judge as the order of the Court. (Dkt. No. 13). Accordingly, the Court summarily dismisses Petitioner's petition without prejudice and without issuance and service of process upon Respondent. The Court directs Petitioner to pages 3-4 of the Report and Recommendation for the proper procedure for obtaining an order from the Fourth Circuit Court of Appeals authorizing the District Court to consider a second or successive § 2254 petition.

## Certificate of Appealability

The governing law provides that:

>(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 18, 2014
Charleston, South Carolina